**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| MARILYN F. QUIRIN, as Executor of the | ) | |
| Estate of RONALD J. QUIRIN, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-cv-02633 |
| | ) | |
| LORILLARD TOBACCO COMPANY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT UNION CARBIDE CORPORATION'S MOTION TO DISMISS THE
CLAIMS AGAINST IT IN THEIR ENTIRETY OR, IN THE ALTERNATIVE, TO
DISMISS PLAINTIFF'S LOSS OF CONSORTIUM CLAIM AND TO STRIKE
CERTAIN ALLEGATIONS FROM THE WRONGFUL DEATH CLAIM**

**INTRODUCTION**

The Decedent, Ronald Quirin, and his wife, Marilyn filed their initial complaint in the

Circuit Court of Cook County, Illinois on May 15, 2012. In that complaint, the Quirins asserted

against dozens of defendants a variety of claims relating to Mr. Quirin's alleged injuries from

asbestos exposure. On September 25, 2012, the circuit court granted an agreed scheduling order

which provided an expedited trial date based on Mr. Quirin's alleged injury. Under that order,

this case progressed, full discovery was taken, and trial was set to begin in April 2013.

Unfortunately, Mr. Quirin passed away on March 31, 2013, and Mrs. Quirin was subsequently

appointed executor of Mr. Quirin's estate. This case was removed to federal court on diversity

grounds after the last non-diverse defendant was dismissed on April 9, 2013, and this Court

denied Plaintiff's motion for remand. On April 26, Plaintiff filed the Fifth Amended Complaint

(the "Complaint"), the current Complaint in this action.

1

For the reasons set forth in Section I below, Defendant Union Carbide Corporation ("Union Carbide") respectfully submits that the Court should dismiss all claims against Union Carbide pursuant to Rule 12(b)(6) for failure to comply with the pleading requirements of Rule 8 as set forth by the Supreme Court in *Twombly* and *Iqbal*. In the alternative, the Court should at least dismiss Plaintiff's loss of consortium claim because it is impermissibly duplicative of the wrongful death claim (*see* Section II) and strike from the wrongful death claim all allegations of injuries that allegedly occurred prior to the Decedent's death (*see* Section III).

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has made clear that the facts alleged in a complaint must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). And while the Court must accept all of the factual allegations in the complaint as true, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 545). The same standard governs the adequacy of an amended pleading filed after discovery has been completed. Indeed, where, as here, the amended complaint "was filed after the close of discovery . . . there is no reason to believe that [the plaintiff's] conclusory allegations were simply the result of the relevant evidence being in the hands of the defendants." *Santiago v. Warminster Twp.*, 629 F.3d 121, 134 n. 10 (3d Cir. 2010).

Moreover, under Rule 12(f), the Court may strike from a pleading, upon timely motion, "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). A court should strike such extraneous allegations if they are prejudicial to the moving party or have the effect of confusing the issues. *See Alexander v. Ne. Illinois Univ.*, 586 F. Supp. 2d 905, 915 (N.D. Ill. 2008) (citations omitted).

## ARGUMENT

### I. Plaintiff's Complaint Should Be Dismissed In Its Entirety Because It Fails To Satisfy The Requirements of *Twombly* and *Iqbal*.

The Complaint should be dismissed in its entirety because it plainly fails to satisfy the pleadings requirements of Rule 8, as set forth by the Supreme Court in *Twombly* and *Iqbal*. Aside from factual allegations relating to the Decedent's injury, the Complaint does little more than recite the elements of a products liability negligence claim without any factual support. *See* Compl. ¶¶ 18-20, 22, 28-30, 32.  And apart from the allegation of Union Carbide's corporate citizenship (Compl. ¶ 8), the *sole* allegation in the *entire* Complaint concerning Union Carbide specifically is that "[s]ome of the joint compound Decedent RONALD J. QUIRIN was exposed to contained raw asbestos fibers manufactured, sold, distributed, supplied, and/or installed by UNION CARBIDE CORPORATION." *Id.* ¶ 12.  It may be that the Complaint is alleging that such alleged exposure to asbestos-containing joint compound occurred at some point during the approximately 30 years that the Decedent was employed at Illinois Bell, and it may also be that the Complaint is alleging that it was Georgia Pacific joint compound through which the Decedent allegedly was exposed to asbestos supplied by Union Carbide.  *See id.*  But the Complaint does not specifically allege even that.  And even if it did, the Complaint would be far from sufficient to give Union Carbide "fair notice" of the grounds for the claims against it.

3

Judge St. Eve recently dismissed a similar complaint in another asbestos action in *Bulanda v. A.W. Chesterton Co.*, 2011 WL 2214010 (N.D. Ill. 2011). Just as here, in *Bulanda*, the allegations in the complaint were mostly "recitations of the elements of the relevant cause of action." *Id.* at \*2. And the few allegations of "facts" that were alleged in *Bulanda* were similar to the vague allegations offered by Plaintiff in the Complaint here. For example, the complaint in *Bulanda* alleged work-related asbestos exposure to unspecified products over the course of more than three decades, and asserted claims against a group of defendants who allegedly were liable for "one or more" of several alleged acts or omissions. *Id.*[1] Here, the Complaint alleges that "[s]ome of the joint compound" the Decedent allegedly "was exposed to contained raw asbestos fibers manufactured, sold, distributed, supplied and/or installed by UNION CARBIDE CORPORATION" (Compl. ¶ 12), but the Complaint fails to identify even the particular joint compound product, let alone the location, approximate date, and circumstances of the alleged exposure to the joint compound. Just as in *Bulanda*, the allegations of the Complaint here fail to "serve the purposes of Rule 8 of giving the defendants fair notice of the nature of the claim against them and of stating a claim for relief that was 'plausible on its face' as required by *Iqbal* and *Twombly*." 2011 WL 2214010, at \* 3 (citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 559 (7th Cir. 2010)).

The Court in *Bulanda* also found that the plaintiff's attempts to lump the defendant "into a group of other manufacturers, miners and/or sellers of 'asbestos products'" was "precisely the type of vague, 'defendant-unlawfully-harmed me accusation'" that the Supreme Court

---

[1]  The Court in *Bulanda* found particularly problematic the fact that the complaint did not "even identify the allegedly offending product," but only  referenced the defendants' "asbestos products." *Bulanda*, 20011 WL 2214010 at \*2. As discussed in the text, apart from indicating that the Decedent allegedly was exposed to asbestos supplied by Union Carbide through a joint compound product, the Complaint here provides little more in the way of information about the putative basis for the claim against Union Carbide.

4

condemned in *Iqbal Id.* at *2. Here too, Plaintiff's Complaint lumps together the conduct of Union Carbide and the other defendants in a way that fails to provide notice to Union Carbide of the conduct Plaintiff alleges against it specifically. *See also Swiss Reinsurance Am. Corp. v. Access Gen. Agency, Inc.*, 571 F. Supp. 2d 882, 885-86 (N.D. Ill. 2008) (dismissing a complaint for lumping together claims against defendants in a manner that failed to "state clearly which entity [plaintiff] seeks to hold responsible for which alleged breach"). Specifically, the Complaint alleges that "Defendants failed to exercise ordinary care and caution for the safety of the Decedent in one or more of the following respects," and then proceeds to list eleven different categories of alleged acts or omissions. Compl. ¶¶ 23, 33.[2] But it is unclear from this pleading just what conduct Plaintiff alleges against *Union Carbide*. Indeed, not all of these allegations even make sense when asserted against Union Carbide. For example, Union Carbide did not make any finished asbestos-containing products; its alleged product was "raw asbestos fibers." Compl. ¶ 12. However, the Complaint alleges that the "Defendants" "[i]ncluded asbestos in their products when adequate substitutes for the asbestos in them was available" and "[f]ailed to develop alternative, non-asbestos containing products in a timely manner." Compl. ¶ 23 (c) & (i). Similarly, in ¶ 23(f), the Complaint alleges that the "Defendants" "[f]ailed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by Defendants in order to determine the hazards to which workers such as the Decedent might be exposed while working with the products." It is not at all clear whether Plaintiff thus is asserting that Union Carbide somehow had, and breached, a duty "to conduct tests on the asbestos containing products" of the *other* "Defendants." Thus, rather than providing reasonable notice to Union Carbide of the claims asserted against it, as required under Rule 8, the Complaint leaves Union

---

[2]    The loss of consortium claim in Count III is based on this same list of "acts and omissions specified above" (Compl. ¶ 37), presumably referring to ¶¶ 23 and 33.

Carbide guessing as to which of the "one or more" of the eleven allegations of conduct it must defend against.

In sum, the Complaint should be dismissed in its entirety because it does little more than recite a number of the elements of each claim, omits the most basic facts necessary to provide reasonable notice to Union Carbide of the claims against it, and lumps together all of the "Defendants" without providing any indication of the specific conduct Union Carbide is allegedly liable for. The fact that Plaintiff has taken full discovery and has now amended the Complaint five times without providing anything more than the vaguest of factual allegations and boilerplate recitations of elements only highlights the inadequacy of the Complaint.[3]

**II.    In The Event That The Court Does Not Dismiss Plaintiff's Claims Against Union Carbide In Their Entirety, The Court Should Dismiss Plaintiff's Loss Of Consortium Claim Because It Is Impermissibly Duplicative Of The Wrongful Death Claim.**

In the alternative, Plaintiff's loss of consortium claim should be dismissed because, under Illinois law, "[w]hen a wrongful death action is brought, there can be no separate cause of action for loss of support or loss of consortium." *Reddick v. Bloomingdale Police Officers*, 1997 WL 441328 at * 8 (N.D. Ill. 1997) (citing *Knierim v. Izzo*, 174 N.E.2d 157, 162–163 (Ill. 1961)). In such cases, the consortium action is "rendered superfluous" because loss of consortium is part of the damages calculation in a wrongful death action and allowing a separate consortium claim would raise the possibility of an impermissible double recovery. *See Kubian v. Alexian Bros. Med. Ctr.*, 651 N.E.2d 231, 239 (Ill. App. 1995) (citing *Elliott v. Willis*, 442 N.E.2d 163 (Ill. 1982)). Plaintiff in this case purports to assert both a wrongful death claim (Count I) and a loss

---

[3]     At the very least, the Court should order Plaintiffs to file a more definite statement in accordance with Rule 12(e).

of consortium claim (Count III).[4] Because this is impermissible under Illinois law, the loss of consortium claim should be dismissed.

**III.    In The Event That The Court Does Not Dismiss Plaintiff's Claims Against Union Carbide In Their Entirety, The Court Should Strike The Allegations In Plaintiff's Wrongful Death Claim Concerning Alleged Injuries Sustained Before The Decedent's Death.**

In the event that the Court declines to dismiss Plaintiff's claims against Union Carbide in their entirety, Union Carbide moves in the alternative, under Rule 12(f), to strike certain allegations in the Complaint because they are confusing, immaterial, and prejudicial as to Union Carbide. *See Alexander*, 586 F. Supp. 2d at 915 (immaterial allegations should be stricken if confusing or prejudicial).[5]

Under Illinois law, "[a] survival action allows for recovery of damages for injury sustained by the deceased up to the time of death; *a wrongful death action covers the time after death and addresses the injury suffered by the next of kin* due to the loss of the deceased rather than the injuries personally suffered by the deceased prior to death." *Carter v. SSC Odin Operating Co., LLC*, 976 N.E.2d 344, 354 (Ill. 2012) (emphasis added) (citation omitted). However, Plaintiff's wrongful death claim alleges that "acts or omissions on the part of Defendants" caused the Decedent "to develop malignant pleural mesothelioma, which disabled and disfigured the Decedent causing him great physical and mental anguish" and "compelled Plaintiff and Decedent to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of Decedent's asbestos-

---

[4]    Plaintiff's wrongful death claim even specifically alleges that Defendants by act or omission caused "Plaintiff and Heirs to experience great grief, sorrow, and mental suffering" and that the Decedent's "family has been deprived of his means of support and lost the society" of the Decedent. Compl. ¶ 24. These are the same allegations made in Count III. Compl. ¶¶ 35-37. Clearly any recovery on both of these claims would be duplicative.

[5]    The Court should grant the motion to strike as requested in this Section III even if it dismisses Plaintiff's loss of consortium claim as requested in Section II.

induced disease and conditions." Compl. ¶ 24. These allegations do not address injuries allegedly suffered by the next of kin *after* the time of death due to the loss of the Decedent and therefore are immaterial to a wrongful death claim.[6] Because these allegations are immaterial to a wrongful death claim and their inclusion in the Complaint raises the possibility of confusion and the improper assessment of damages, Union Carbide requests that they be stricken from the Complaint.

## CONCLUSION

For the foregoing reasons, Union Carbide respectfully requests that this Court dismiss all claims against Union Carbide. In the alternative, Union Carbide requests that this Court dismiss Plaintiff's loss of consortium claim and strike from the wrongful death claim all allegations of injuries that allegedly occurred prior to the Decedent's death.

Dated: May 13, 2013                                    Respectfully submitted,

                                            By:   s/ Richard F. Bulger
                                                  Richard F. Bulger
                                                  Mayer Brown LLP
                                                  71 S. Wacker Drive
                                                  Chicago, Illinois 60606-4637
                                                  Telephone (312) 782-0600
                                                  Facsimile (312) 701-7711


                                                  Thomas J. Morel
                                                  Kirkland & Ellis LLP
                                                  300 N. LaSalle Street
                                                  Chicago, IL 60654
                                                  Telephone (312) 862-2000

---

[6]     Plaintiff alleges these same injuries to the Decedent in the survival act claim (Compl. ¶ 34), rendering the improper allegations in the wrongful death claim redundant as well as immaterial. *See* Fed. R. Civ. P. 12(f).

Tobin J. Taylor
Heyl Royster Voelker & Allen
19 S. LaSalle St., Suite 1203
Chicago, IL 60603
Telephone (312) 853-8700

ATTORNEYS FOR UNION
CARBIDE CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I, Richard F. Bulger, an attorney, hereby certify that on May 13, 2013, I caused a true and correct copy of the foregoing DEFENDANT UNION CARBIDE CORPORATION'S MOTION TO DISMISS THE CLAIMS AGAINST IT IN THEIR ENTIRETY OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S LOSS OF CONSORTIUM CLAIM AND TO STRIKE CERTAIN ALLEGATIONS FROM THE WRONGFUL DEATH CLAIM to be filed and served electronically via the court's CM/ECF system.

         s/ Richard F. Bulger_____
Richard F. Bulger
Mayer Brown LLP
71 S. Wacker Drive
Chicago, Illinois 60606-4637
Telephone (312) 782-0600
Facsimile (312) 701-7711