## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARILYN F. QUIRIN, as Executor of the Estate of RONALD J. QUIRIN, Deceased, | |
| Plaintiff, | Judge Joan B. Gottschall |
| v. | Case No. 13 C 2633 |
| LORILLARD TOBACCO COMPANY, et al., | |
| Defendants | |

### ORDER

      Defendant Crane Co.'s motion [43] to dismiss Count III of Plaintiff's Fifth Amended Complaint and to strike paragraph 38(g) is granted. Defendant Union Carbide Corporation's motion [45] is granted in part and denied in part as follows: the motion to dismiss all claims against it is denied, the motion in the alternative to dismiss Count III is granted, and the motion in the alternative to strike allegations from Count I is granted. Defendant Hollingsworth & Vose Company's motion [49] to dismiss Count III is granted. Defendant Lorillard Tobacco Company's motion [55] to dismiss Count III is granted. Defendant Georgia-Pacific LLC's motion [58] is granted in part and denied in part as follows: the motion to dismiss all claims against it is denied, and the motion in the alternative to dismiss Count III is granted.

### STATEMENT

      In 2012, Ronald Quirin and his wife, Marilyn, filed a complaint against numerous defendants in the Circuit Court of Cook County, alleging claims for injuries from asbestos exposure. Mr. Quirin passed away on March 31, 2013, and Mrs. Quirin was appointed his executor. This case was removed to federal court on diversity grounds in April of 2013, and on April 26th, Plaintiff's Fifth Amended Complaint was filed. The remaining defendants in this case are Crane Co., Georgia-Pacific LLC, Hollingsworth &

Vose Co., Lorillard Tobacco Co., and Union Carbide Corp. Plaintiff brings the following claims: Count I, a negligence claim under the Wrongful Death Act; Count II, a negligence claim under the Illinois Survival Act; and Count III, a common law loss of consortium claim. Before the court are several motions to dismiss the complaint, in part and in its entirety, and two motions to strike certain elements of plaintiff's requested damages.

Each remaining defendant in this case has moved for the dismissal of the Plaintiff's claim for loss of consortium, arguing that such a state common law claim is unavailable concurrently with a claim for wrongful death. Under Illinois law, the inclusion of a Wrongful Death Act count makes a concurrent loss of consortium claim superfluous. *Kubian v. Alexian Bros. Med. Ctr.*, 272 Ill. App. 3d 246, 255 (1995). Plaintiff does not oppose the motion. Count III ("loss of consortium") of the Plaintiff's Fifth Amended Complaint is therefore dismissed. The Illinois Supreme Court has, however, recognized loss of consortium as a compensable "pecuniary injury" under the Wrongful Death Act. *Glenn v. Johnson*, 198 Ill. 2d 575, 583 (Ill. 2002). The motion to strike paragraph 38(g) of the complaint is therefore denied.

Defendant Union Carbide Corporation ("Union Carbide") also asks that the portions of the Wrongful Death Act claim concerning damages related to injuries suffered prior to the decedent's death be struck as confusing and immaterial. Illinois substantive law controls both the wrongful death action in Count I and the survival action in Count II. Under Illinois law, "a wrongful death action covers the time after death and addresses the injury suffered by the next of kin due to the loss of the deceased rather than the injuries personally suffered by the deceased prior to death." *Carter v. SSC Odin Operating Co.,*

*LLC*, 976 N.E.2d 344, 354 (Ill. 2012). While the alleged injuries suffered by the deceased prior to death are compensable under the Illinois Survival Act, they are not compensable under the Wrongful Death Act. *See id.* Pursuant to Rule 12(f), the court may strike redundant or immaterial matter. Therefore, the allegations in paragraph 24 of Plaintiff's Fifth Amended Complaint which allege that malignant pleural mesothelioma "disabled and disfigured the Decedent causing him great physical and mental anguish" and "compelled Plaintiff and Decedent to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of Decedent's asbestos-induced disease and conditions" are struck as immaterial to Count I and redundant.

Union Carbide and Georgia-Pacific LLC have each moved to dismiss Plaintiff's Fifth Amended Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failing to satisfy the pleading requirements of Rule 8. To survive such a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of the motion to dismiss, the court takes all facts alleged in the plaintiff's complaint as true and draws all reasonable inferences from those facts in favor of the plaintiff, although conclusory allegations that merely recite the elements of a claim

are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

The complaint alleges that Union Carbide produced asbestos fibers, which were incorporated into Georgia-Pacific joint compound, to which Ronald Quirin was exposed during his employment at Illinois Bell between approximately 1957 and 1978. Pl.'s Fifth Am. Compl., ¶12. Union Carbide argues that in order to satisfy the standards of *Twombly* and *Iqbal*, the plaintiff must allege, with specificity, the particular joint compound product and the location, approximate date, and circumstances of the alleged exposure to the joint compound. Georgia-Pacific also argues that the specific type of joint compound must be pled in the complaint, along with the specific location of Mr. Quirin's exposure. Both Union Carbide and Georgia-Pacific cite to a recent decision in this district holding that an asbestos liability complaint "devoid of factual allegations" regarding conduct and references to the identity of the asbestos products failed to meet the requirements of Rule 8. *Bulanda v. A.W. Chesterton Co.*, No. 11-CV-1682, 2011 WL 3325020 at *3 (N.D. Ill., June 7, 2011). However, in *Bulanda*, the complaint was entirely without alleged facts linking the defendant to the asbestos exposure. *Id.* at *3. The complaint in *Bulanda* not only failed to identify a *particular* asbestos-containing product, it did not identify *any* product at all. *Id.* at *5.

The Plaintiff's Fifth Amended Complaint alleges significantly more facts than the complaint in *Bulanda*, pointing towards the asbestos-containing product (joint compound), the timeframe of the exposure (1957-1978), and the location and manner of Mr. Quirin's exposure (at and in the course of his employment at Illinois Bell). These allegations sufficiently "serve[] the purposes of Rule 8 of giving the defendants fair

4

notice of the nature of the claim against them and of stating a claim for relief that was 'plausible on its face' as required by *Iqbal* and *Twombly*." *Bausch v. Stryker Corp.*, 630 F.3d 546, 559 (7th Cir. 2010). Though the factual allegations in the complaint do lack some detail, the Fifth Amended Complaint is sufficient to satisfy Rule 8.

Union Carbide also takes issue with paragraphs 23 and 33 of the Fifth Amended Complaint, which outline eleven ways in which the defendants may have "failed to exercise ordinary care and caution". Union Carbide argues that alleging that "one or more" of the eleven possibilities apply to each defendant does not provide reasonable notice to the defendants of the claims asserted against them. However, pleading in the alternative, or hypothetical, or even inconsistent pleading is contemplated and approved of by the Federal Rules. *See* Fed. R. Civ. P. 8(d). If Union Carbide is truly confused as to which theories of liability may apply to it, by this point of the litigation discovery should have provided many opportunities to clarify the situation. The motions to dismiss the complaint in its entirety are therefore denied.

DATED: August 15, 2013                            /s/
                                                      JOAN B. GOTTSCHALL
                                                      United States District Judge