IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MARILYN F. QUIRIN, Special Representative of the Estate of RONALD J. QUIRIN, Deceased** | § § § § | |
| **Plaintiff,** | § § | |
| v. | § § | **CIVIL ACTION NO. 13-2633** |
| **LORILLARD TOBACCO COMPANY, et al.** | § § § § | |
| **Defendants.** | § | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO QUASH DEFENDANT LORILLARD TOBACCO
COMPANY'S SUBPOENAS OF ARISTA LABORATORIES AND MAS, LLC**

Comes now Plaintiff Marilyn F. Quirin, Special Representative of the Estate of Ronald J. Quirin, Deceased, and files this Memorandum of Law in Support of Plaintiff's Motion to Quash Defendant Lorillard Tobacco Company's ("Lorillard") Subpoenas of Arista Laboratories and MAS, LLC, and would respectfully show as follows:

**I.    PRELIMINARY STATEMENT**

Inexplicably, after over a year of discovery, and with both expert challenges and summary judgment motions currently under consideration by the Court, Lorillard is now seeking to reopen discovery and obtain documents concerning testing it has long known about. As discussed below, this untimely effort has nothing to do with Lorillard seeking discovery it legitimately needs, and everything to do with Lorillard attempting to delay further the resolution of this lawsuit.

1

## II.     BACKGROUND

Ronald J. Quirin ("Decedent" or "Mr. Quirin") was diagnosed with malignant mesothelioma, a fatal disease, on or about December 27, 2011. On May 15, 2012, a Complaint at Law naming Mr. Quirin and Marilyn Quirin ("Plaintiff" or "Mrs. Quirin") as Plaintiffs and asserting claims of, *inter alia*, negligence against Defendant Lorillard for its sale and distribution of asbestos-containing "original" Kent cigarettes was filed in the Circuit Court of Cook County, Illinois (hereinafter, the "State Court Action"). On September 25, 2012, a scheduling order was entered setting the State Court Action for trial on April 9, 2013.[1]

Mr. Quirin died from his mesothelioma on March 31, 2013. On the day the State Court Action trial was scheduled to begin, April 9, 2013, Lorillard filed a Notice of Removal, which resulted in the case's removal to this Court. This Court subsequently entered a scheduling order on May 14, 2013 that, *inter alia*, set deadlines for Rule 26(a)(2)(B) reports on July 15, 2013 and for summary judgment motions on August 1, 2013. On October 16, 2013, Defendant Lorillard served: (1) Arista Laboratories with a subpoena requesting various documents relating to the testing it performed in connection with the Dr. Millette Testing on "original" Kent cigarettes in 2010 ("Dr. Millette 2010 Testing");[2] and (2) MAS, LLC with a subpoena requesting various documents relating to the MAS Testing performed on "original" Kent cigarettes in 2012 ("MAS 2012 Testing").[3]

---

[1] *See* Exhibit A, Agreed Scheduling Order, dated Sept. 25, 2012.
[2] *See* Exhibit F, Notice of Subpoena for Records to Arista Laboratories, dated Oct. 16, 2013.
[3] *See* Exhibit G, Notice of Subpoena for Records to MAS, LLC, dated Oct. 16, 2013.

### III.   ARGUMENTS & ANALYSIS

**A.   Lorillard has known about the subjects of its subpoenas for over a year, and had ample opportunity to pursue these topics prior to this late date.**

In the course of the State Court Action, Defendants deposed each of Plaintiffs' case-specific expert witnesses: (1) Dr. James Millette ("Dr. Millette") on December 11, 2012; (2) Dr. Carl Brodkin ("Dr. Brodkin") on December 17, 2012; and (3) Dr. John Pauly ("Dr. Pauly") on December 19, 2012 and January 10, 2012. During his deposition, Plaintiff's causation expert Dr. Brodkin informed Lorillard that his opinions regarding fiber release from "original" Kent cigarettes were based, in part, on the 2010 Dr. Millette Testing and July 2012 MAS Testing.[4]

This was not the first time Lorillard had heard of either test. Dr. Millette was first questioned extensively by Lorillard regarding his 2010 testing back in August 2012 as part of the *Couscouris* matter filed in Los Angeles County, California.[5] During that deposition, Dr. Millette testified that the filter pads that he analyzed for the presence of asbestos in September 2010 were generated by smoking tests performed on "original" Kent cigarettes by Arista Laboratories.[6] Lorillard deposed Dr. Millette again on this subject as part of this lawsuit on December 11, 2012, and he again explained Arista Laboratories' role.[7] Likewise, Lorillard was able to question Dr. Longo extensively about the 2012 MAS Testing during the *Couscouris* matter on August 22,

---

[4] *See* Exhibit B, Deposition of Carl Brodkin, M.D., dated Dec. 17, 2012 ("12/17/12 Dr. Brodkin Dep. Tr."), at 12:2-5 ("And then there's some discovery documents that I received in this case. The first one is Kent Micronite, including MAS Testing from July of 2012, and MVA Testing by Millette from September of 2010.").

[5] *See* Exhibit C, Deposition Transcript of James Millette, Ph.D., dated Aug. 31, 2012 ("8/31/12 Dr. Millette Dep. Tr.").

[6] *See id.* at 55:5-11 ("Q. The Kent cigarettes from the '50s were smoked on a smoking machine by Arista Laboratories, correct? A. Yes, that is correct. Q. And the smoke that came out of the filter was also pulled through a Cambridge filter? A. Yes, a Cambridge type filter.").

[7] *See* Exhibit D, Deposition Transcript of James Millette, Ph.D., dated Dec. 11, 2012 ("12/11/12 Dr. Millette Dep. Tr."), at 15:24-16:2 ("The work involving putting the fibers on the filters was done at Arista Labs, and that's Exhibit 4D is their test report, which I received from Gibbs Henderson in this case.").

3

2012.[8]  Thus, the subject matters about which Lorillard's subpoenas inquire – the Arista Laboratories testing done in conjunction with the 2010 Dr. Millette Testing and the 2012 MAS Testing – have been known to Lorillard for over a year.

Lorillard offers no excuse about why it waited this long to seek documents relating to these tests.  However, its motives are not difficult to discern.  By requesting these documents, Lorillard hopes to create a "need" for additional expert discovery, thereby delaying Plaintiff's day in court, which the Court has informed the parties will likely be in early 2014.  As set out below, the Court can and should preempt this gamesmanship.

**B.     Lorillard's subpoenas are untimely and reopening discovery would prejudice and unduly burden Plaintiff.**

Pursuant to Federal Rule of Civil Procedure 45(c)(3)(iv), upon a timely motion, a court "**must** quash or modify a subpoena that . . . subjects a person to undue burden."[9]  According to the Seventh Circuit, "[a] party has standing to move to quash a subpoena addressed to [a third-party] if the subpoena infringes upon the movant's legitimate interests."[10]  The Seventh Circuit has held that such "legitimate interests" include a party's interest in avoiding unnecessary delays in the resolution of his or her claims.[11]

In the instant matter, a failure by this Court to quash Lorillard's subpoenas would impose an undue burden on Plaintiff by unnecessarily delaying the resolution of her claims.  The timing of Lorillard's eleventh hour attempt to reopen discovery cannot be justified.  As set out above, it has known of the 2010 Dr. Millette Testing (including Arista Laboratories' involvement) and

---

[8] *See* Exhibit E, Deposition Transcript of William Longo, Ph.D., dated Aug. 22, 2012, at 6:16-20 ("Q. Secondly, you have brought documents regarding your testing that you and your laboratory have performed on Kent cigarettes. We will call these the 2012 tests, right? A. Correct.").
[9] FED. R. CIV. P. 45(c)(3)(iv) (emphasis added).
[10] *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982).
[11] *Id.* (holding that trial court's granting of prosecution's motion to quash a third-party subpoena was proper, and explaining that "[t]he prosecution's standing rested upon its interest in preventing under lengthening of the trial . . . .").

2012 MAS Testing since at least August 2012, and was aware that Dr. Brodkin would be relying on that testing in this case since December of 2012. It thus had ample opportunity to seek out documents from Arista Laboratories and MAS in a timely manner. As it stands, all expert challenges and summary judgment motions have been briefed in this case and are currently under consideration by the Court. To reopen discovery at this late date would be extremely prejudicial and burdensome to Plaintiff, who has already had her trial date delayed several months as a result of Lorillard's last minute removal.

## IV. CONCLUSION

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff respectfully prays that the Court grant her Motion to Quash Defendant Lorillard Tobacco Company's Subpoenas of Arista Laboratories and MAS, LLC.

DATED: November 1, 2013

Respectfully submitted,

**WATERS & KRAUS, LLP**

_/s/Gibbs Henderson_
Gibbs C. Henderson, TX Bar No. 24041084
*Admitted Pro Hac Vice*
3219 McKinney Avenue
Dallas, TX 75204
Telephone: (214) 357-6244
Facsimile: (214) 357-7252

and

**ROBERT N. WADINGTON & ASSOCIATES**

_/s/Robert N. Wadington_
Robert N. Wadington, IL State Bar No. 31494
111 W. Washington, Suite 1460
Chicago, IL 60602
Telephone: (312) 629-2706
Facsimile: (312) 629-8022
rwadington@wadingtonlaw.com

**ATTORNEYS FOR PLAINTIFFS**

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above and foregoing document was filed and served on All Counsel of Record on this 1st day of November, 2013 via CM/ECF.

                                                */s/Gibbs C. Henderson*
                                                Gibbs C. Henderson