IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARILYN F. QUIRIN, Special Representative of the Estate of RONALD J. QUIRIN, Deceased** | § § § § | |
| **Plaintiff,** | § § | |
| v. | § § | **CIVIL ACTION NO. 13-2633** |
| **LORILLARD TOBACCO COMPANY, et al.** | § § § § | |
| **Defendants.** | § | |

**REPLY TO DEFENDANT LORILLARD TOBACCO COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH DEFENDANT LORILLARD TOBACCO COMPANY'S SUBPOENAS OF ARISTA LABORATORIES AND MAS, LLC**

Comes now Plaintiff Marilyn F. Quirin, Special Representative of the Estate of Ronald J. Quirin, Deceased, and files this Reply to Defendant Lorillard Tobacco Company's ("Lorillard") Response to Plaintiff's Motion to Quash Defendant Lorillard Tobacco Company's Subpoenas of Arista Laboratories and MAS, LLC, and would respectfully show as follows:

### I.    ARGUMENTS & ANALYSIS

In its Response to Plaintiff's Motion to Quash the Subpoenas of Arista Laboratories and MAS, LLC, Lorillard argues that Plaintiff's Motion to Quash Defendant Lorillard Tobacco Company's Subpoenas of Arista Laboratories and MAS, LLC ("Motion to Quash") should have been filed in the district courts where Lorillard purported to issue those subpoenas. What Lorillard fails to note, however, is that those district courts had no authority to issue those subpoenas as they were written.

Plaintiff filed her Motion to Quash pursuant to Federal Rule of Civil Procedure 45. Under Rule 45(a)(2)(C), "A subpoena **must** issue as follows: . . . (C) for production or

1

inspection, if separate from a subpoena commanding a person's attendance, **from the court where the production or inspection is to be made**."[1] Here, the subpoenas Lorillard purported to issue under its attorney's signature from the Eastern District of Virginia[2] and the Northern District of Georgia[3] both required production in Belleville, Illinois, which is in the Southern District of Illinois. Accordingly, both of those subpoenas were defective on their face, as each one required production outside the district from which it was "issued."[4] The fact that these subpoenas requested that these productions occur "by mail" did not cure the defect.[5]

Furthermore, as a result of this defect, neither the Eastern District of Virginia nor the Northern District of Georgia has the jurisdiction to rule on the merits of a motion to quash. As one district court recently explained, "because of the mandatory language contained in rule 45(a)(2)(C), courts have . . . held that they lack jurisdiction in the first instance over subpoenas which are issued improperly from the wrong court, a defect which may not be waived."[6] This

---

[1] FED. R. CIV. P. 45(a)(2)(C) (emphasis added).

[2] *See* Ex. A, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action to Arista Laboratories.

[3] *See* Ex. B, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action to MAS, LLC.

[4] *See Hickman v. Hocking*, Civil No. 07-929-JPG, 2009 WL 35283, at *1 (S.D. Ill. Jan. 6, 2009) ("The subpoena was issued by plaintiff's attorney using a subpoena from this district. However, it directs production of documents in Evansville, Indiana. Fed. R. Civ. P. 45(a)(2)(C) provides that a subpoena for production of documents 'must issue' from 'the court for the district where the production or inspection is to be made.' Here, the place of production is outside this district."). *See also James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C. 2002) ("Here, the subpoena was issued from this court and compels PGHRC to product documents for inspection in New Carrolton, Maryland. Because the place of production and inspection in this case is outside of the judicial district of this court, the subpoena is improper and is therefore quashed.") (citation omitted); *Ace Hardware Corp. v. Celebration Hardware, LLC*, Civ. No. 09 cv 66, 2009 WL 3242561, at *4 (D. Del. Oct. 8, 2009) ("The subpoena at issue in this case was issued out of this court for production of documents in the Northern District of Illinois. Therefore, the subpoena is fundamentally defective and the subpoena must be quashed.") (citations omitted); *Myers v. Wal-Mart Stores, Inc.*, No. 5:09-CV-549-FL, 2010 WL 4830083, at *1 (E.D.N.C. Nov. 22, 2010) (citations omitted) (quashing a subpoena that required production in a different district); and *Schutter v. Easton Sports, Inc.*, No. 4:12-MC-0268, at *1 (M.D. Pa. Oct. 17, 2012) (quashing a subpoena that required production in a different district).

[5] *See Amer. Nat'l Insur. Co. v. RBS Citizens, N.A.*, No. 08-70S, 2008 WL 3992786, at *1 (D.R.I. Aug. 21, 2008) (quashing a subpoena that required production in a different district, even though the subpoena recipient was given the option of complying with the subpoena by mail).

[6] *Small v. Ramsey*, NO. 1:10cv121, 2011 WL 1044659, at *2 (N.D. W. Va. Mar. 21, 2011) (citing *Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 11 (D.D.C. 2006) and *Echostar Commc'ns Corp. v. The News Corp., Ltd.*, 180 F.R.D. 391, 397 (D. Colo. 1998)).

Court, of course, does have jurisdiction over the parties, and is thus in a position to quash these subpoenas on the basis of both their facial defects, discussed *supra*, and their merits, discussed in Plaintiff's Motion to Quash.[7]

## II. CONCLUSION

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff respectfully prays that the Court grant her Motion to Quash Defendant Lorillard Tobacco Company's Subpoenas of Arista Laboratories and MAS, LLC.

DATED: November 12, 2013

Respectfully submitted,

**WATERS & KRAUS, LLP**

*/s/Gibbs Henderson*
Gibbs C. Henderson, TX Bar No. 24041084
*Admitted Pro Hac Vice*
3219 McKinney Avenue
Dallas, TX 75204
Telephone: (214) 357-6244
Facsimile: (214) 357-7252

and

**ROBERT N. WADINGTON & ASSOCIATES**

*/s/Robert N. Wadington*
Robert N. Wadington, IL State Bar No. 31494
111 W. Washington, Suite 1460
Chicago, IL 60602
Telephone: (312) 629-2706
Facsimile: (312) 629-8022
rwadington@wadingtonlaw.com

**ATTORNEYS FOR PLAINTIFFS**

---

[7] These arguments have also been made in the Northern District of Georgia by MAS, LLC in response to Lorillard's subpoena. *See* Ex. C, MAS, LLC's Objections to Subpoena to Produce Documents, Information, or Objects and Mot. to Quash.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above and foregoing document was filed and served on All Counsel of Record on this 12th day of November, 2013 via CM/ECF.

*/s/Gibbs C. Henderson*
Gibbs C. Henderson