**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARILYN F. QUIRIN, Special Representative of the Estate of RONALD J. QUIRIN, Deceased, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CRANE CO., et al., )<br>)<br>Defendants. ) | Case No.: 1:13-cv-02633<br>Honorable Joan B. Gottschall |

**CRANE CO.'S NOTICE OF SUPPLEMENTAL AUTHORITIES TO SUPPORT GEORGIA-PACIFIC'S MOTION IN LIMINE NO. 1 TO EXCLUDE PLAINTIFF'S EXPERTS' EACH AND EVERY EXPOSURE TESTIMONY**

Defendant Crane Co., by and through its attorneys, Gunty & McCarthy and K&L Gates LLP, hereby files its Notice of Supplemental Authorities to Support Georgia-Pacific's Motion in Limine No. 1 to Exclude Plaintiff's Experts' Each and Every Exposure Testimony. Crane Co.'s Motion for Leave to File its Supplemental Authorities was granted on February 6. 2014. (Docket Entry #228).

*NOTICE OF SUPPLEMENTAL AUTHORITY*

**Recent Authority Recognizes the Questionable Nature of the Every Exposure Theory and the Need for a *Daubert* Hearing**

A common theme throughout Plaintiffs' motions in this matter is that, not only is the "every exposure" or "cumulative exposure" theory upon which Plaintiffs' experts rely admissible under *Daubert*, but it is also not necessary for the Court to hold a *Daubert* hearing to address the admissibility of that evidence. Recent authority, however, demonstrates that the "every exposure" theory is specifically the type of testimony that must be subject to a *Daubert*

hearing so the District Court can fully evaluate the reliability and scientific validity of the proposed testimony. *See Barabin v. AstenJohnson, Inc.*, --- F.3d ---, 2014 WL 129884, at *4-5 (9th Cir. Jan. 15, 2014)[1].

On January 15, 2014, the United States Court of Appeals for the Ninth Circuit sitting *en banc* reversed a trial court decision admitting the testimony for Plaintiff's expert in this case, Dr. Carl Brodkin. In *Barabin*, Dr.Brodkin's opinions included the "every exposure" theory of causation that has been the subject of numerous motions[2] in this case *Id.* at *2. At trial, the *Barabin* defendants moved to exclude the "every exposure" testimony from Plaintiffs' experts and, without a *Daubert* hearing, the trial court found the competing theories of causation should be left for the jury to evaluate. *Id.* The Ninth Circuit, however, reversed concluding that the District Court abused its discretion by abdicating its role as the gatekeeper of scientific evidence and not evaluating the every exposure testimony under *Daubert.Id.* at *5.

As set forth in detail in prior motions, the "every exposure" or "cumulative exposure" theory is not grounded in science and is irrelevant to the issue of legal liability. The theory is at its core quite simple: because Plaintiffs' experts do not have the scientific means to rule out any of Mr.Quirin's asbestos exposures as being contributory causes of his mesothelioma, they include all of his exposures as substantial contributing factors in the development of his disease. Such an "analysis" is not scientifically reliable, however, and is irrelevant to the issue of legal liability. *See Smith v. Ford Motor Co.*, 2013 WL 214378 at *3 (D. Utah Jan. 18, 2013). Consequently, " the general assessment of the[] various state and federal courts [is] that the

---

[1] A copy of the entire case is attached as Exhibit A to Defendant Lorillard's Notice of Supplemental Authority (see docket number 216).

[2] S*ee, e.g.*, Defendant Crane Co.'s Motion to Join in Co-Defendants' Motions in Limine and *Daubert* Motions (docket number 130); Crane Co.'s Reply to Plaintiff's Response to Georgia-Pacific, LLC's Motion *in Liminie* No. 1 to Exclude Plaintiff's Experts' Each and Every Exposure Testimony (docket number 194).

every exposure theory does not qualify as admissible expert testimony." *Id.* at *5 (citing *Moeller v. Garlock Sealing Technologies, LLC*, 660 F.3d 950, 952 (6th Cir.2011);*Lindstrom v. A–C Prod. Liab. Trust*, 424 F.3d 488 (6th Cir.2005);*Wills v. Amerada Hess Corp.*, 379 F.3d 32, 40, 53 (2d Cir.2004);*Borg–Warner Corp. v. Flores*, 232 S.W.3d 765, 774 (Tex.2007);*Georgia–Pac. Corp. v. Stephens*, 239 S.W.3d 304, 321 (Tex.App .2007);*Smith v. Kelly–Moore Paint Co., Inc.*, 307 S.W.3d 829, 839 (Tex.App.2010);*Butler v. Union Carbide Corp.*, 310 Ga.App. 21, 712 S.E.2d 537 (2011); *Betz v. PneumoAbex, LLC*, 44 A.3d 27, 58 (Pa.2012); *In re Toxic Substances Cases*, A.D. 03–319, 2006 WL 2404008 (Pa.Com.Pl. Aug. 17, 2006)); *see also Free v. Ametek,* No. 07-2-04091-0 SEA, slip op. (Sup. Ct. King Cty. Wa. Feb. 29, 2008) (excluding every exposure testimony of Dr.Brodkin); *Anderson v. Ford Motor Co.*, 2013 WL 3179497 (D. Utah June 24, 2013) (excluding Dr. Samuel Hammer and his every exposure testimony);*Sclafani v. Air and Liquid Systems Corp.*, 2013 WL 2477077 (C.D. Ca. May 9, 2013, Wilson, J.) (excludingDr. Arnold Brody, another of Plaintiffs' experts in this case, and his every exposure testimony); *Ford Motor Co. v. Boomer*, 736 S.E.2d 724 (Va. 2013) (requiring proof that exposure itself is sufficient to cause disease in order to find liability); *Robertson v. Doug Asby Building Materials, Inc.*, No. 532,769 (Dist. Ct. La. Aug. 27, 2012) (excluding testimony of Dr. Eugene Mark following *Daubert* hearing); *Daly v. Arvinmeritor*, 2009 WL 4662280 (Cir. Ct. Fl. 2009) (rejecting every exposure testimony of Dr. Arnold Frank).

An examination of the "every exposure" under *Daubert* demonstrates that it is not scientifically reliable and, therefore, any testimony from Plaintiffs' experts based on that theory should be excluded under Fed. R. Evid. 702.

Respectfully submitted,

/s/Catherine L. Carlson

| | |
|---|---|
| Gunty & McCarthy | K&L Gates LLP |
| Susan Gunty | Terry Budd (*pro hac vice*) |
| James Kasper | Michael J. Ross (*pro hac vice*) |
| Catherine Carlson | K&L Gates Center |
| 150 South Wacker Drive, Suite 1025 | 210 Sixth Avenue |
| Chicago, IL 60606 | Pittsburgh, PA 15222 |
| (312) 541-0022 | (412) 355-6500 |
| (312) 541-0033 (fax) | (412) 355-6501 (fax) |
| susan.gunty@guntymccarthy.com | terry.budd@klgates.com |
| jamie.kasper@guntymccarthy.com | michael.ross@klgates.com |
| ccarlson@guntymccarthy.com | |

*Counsel for Defendant Crane Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically served on Plaintiff's Counsel and All Counsel of Record on February 10, 2014 and is available for viewing and downloading from the Court's ECF system.

/s/Catherine L. Carlson
*Counsel for Defendant Crane Co.*